United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41083
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFONSO NAVARRETE-MENDOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-533-1
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Alfonso Navarrete-Mendoza (Navarrete) appeals his sentence following his guilty plea conviction for illegal reentry. Navarrete argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Navarrete's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Navarrete contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Navarrete properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Navarrete also argues that the district court reversibly erred under <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), by sentencing him pursuant to a mandatory application of the federal Sentencing Guidelines. The Government concedes that Navarrete has preserved this issue for appeal. The Government, however, has not shown beyond a reasonable doubt that the error was harmless. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 463-64 (5th Cir. 2005). Accordingly, Navarrete's sentence is VACATED, and this case is REMANDED for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.